Filed 11/13/23  P. v. Arias CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B325663 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100834-01) |
| v. | |
| TOMAS ARIAS, Jr. | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Affirmed.

Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal of an order denying a petition for resentencing brought under Penal Code section 1172.6.  We affirm.

## BACKGROUND

On October 23, 2013, the People filed an information charging appellant Tomas Arias, Jr., with one count of murder in violation of Penal Code section 187, subdivision (a) and two counts of possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a)(1).[1]  A jury convicted Arias of second degree murder and both counts of possession of a firearm by a felon and it found true gang and prior conviction enhancements, including that Arias personally and intentionally discharged a firearm causing death.  (§ 12022.53, subd. (d).)  The trial court sentenced Arias to an aggregate term of 40 years to life plus five years.  This court affirmed the judgment of conviction.  (*People v. Arias* (Mar. 15, 2017, B269691) [nonpub. opn.].)

The facts are brief for purposes of the resentencing petition and we set them out for context only.  On the evening of December 9, 2012, Arias approached two males walking on a street in Pomona, California.  Arias stated "Puente" and then shot and killed one of the men.  (*People v. Arias*, *supra*, B269691.)

On December 27, 2021, Arias filed a petition for resentencing under former section 1170.95. now recodified as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  The trial court appointed counsel, ordered and considered briefing, and held a hearing to determine if Arias had established a prima facie case

---

[1]     Undesignated statutory references are to the Penal Code.

of eligibility for resentencing. On September 15, 2022, the trial court found Arias ineligible for resentencing as a matter of law. The trial court reviewed the jury instructions of his trial and found that the jury had not been instructed on the felony murder rule or on any aiding and abetting theories where malice could be imputed. It noted the jury found Arias guilty of second degree murder as the shooter and the jury had found true that Arias had personally and intentionally discharged a handgun causing the victim's death. The trial court denied the petition without issuing an order to show cause or proceeding to an evidentiary hearing. Arias filed a notice of appeal.

We appointed counsel to represent Arias on appeal. On July 19, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us she had told appellant he may file his own supplemental brief within 30 days. Counsel declared she intended to send appellant transcripts of the record on appeal as well as a copy of the brief.

On July 19, 2023, this court sent Arias a notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On August 24, 2023, Arias filed a supplemental brief. Arias contends: 1) newly discovered evidence establishes his innocence; 2) Detectives Andrew Bebon, Greg Freeman and Shope from the Pomona Police Department filed false and misleading police reports, constituting official government misconduct; 3) the prosecution knowingly used false and

fabricated evidence; 4) the prosecution failed to disclose *Brady*[2] evidence; 5) the detectives threatened, coerced and fed false information to prosecution witnesses; 6) the prosecution failed to correct evidence it knew was false and fabricated; 7) the trial court should have stricken the firearm enhancements; 8) the gang enhancements should be stricken under newly amended section 186.22 and Assembly Bill No. 333; 9) defense counsel provided ineffective assistance by allowing the prosecution to admit confidential informants' testimony, not impeaching the false and fabricated evidence and failing to offer an expert witness on false identification and inconsistent false statements; 10) Arias was denied his right to confront and cross examine the confidential informant; and 11) the trial court admitted hearsay evidence as factual evidence.

These contentions are not properly raised in an appeal from the denial of a section 1172.6 petition for resentencing. Petitions for resentencing carry out the intent of Senate Bill No. 1437 (2017–2018 Reg. Sess.) which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 967.) Petitions under section 1172.6, then, address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. The petition to recall sentence under section 1172.6 is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021)

---

[2]    *Brady v. Maryland* (1963) 373 U.S. 83.

71 Cal.App.5th 942, 947 [mere filing of a section 1172.6 petition does not afford a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings].)

We are not otherwise required to conduct an independent review of the record in an appeal from an order denying a petition for resentencing filed pursuant to section 1172.6 and we decline to do so.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES,  J.